IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **GARY SMITH** | § | |
| v. | § | Civil Action No. 5:24cv4-RWS-JBB |
| **BRIAN COLLIER, ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The Court recommends Plaintiff's above-referenced cause of action be **DISMISSED WITHOUT PREJUDICE**.

On January 10, 2024, Plaintiff Gary Smith filed this lawsuit complaining of alleged violations of his constitutional rights. However, he did not submit a filing fee in the amount of $405.00 or an application for leave to proceed *in forma pauperis* which was accompanied by a data sheet or inmate account summary sheet certified by an officer at the institution in which he is presently confined.

Therefore, on February 14, 2024, the Court ordered Plaintiff to either (1) pay the statutory $405.00 filing fee, or (2) furnish a properly certified *in forma pauperis* data sheet or inmate account summary sheet, which may be obtained from an authorized officer in the law library at the institution where he is confined. Dkt. No. 4. The Court explained that commissary slips are not an acceptable substitute. The Court further explained that Plaintiff need not submit another *in forma pauperis* form, but only the data sheet. Finally, the Court advised Plaintiff that failure to comply with the February 14 Order might result in the dismissal of this lawsuit under Federal Rule of Civil Procedure 41(b).

That same day, the Court also ordered Plaintiff to file, within thirty days from the date of receipt of the Order, a short and plain statement setting forth the Plaintiff's claims, on a standard §1983 lawsuit form and written in a legible manner and no more than 30 pages in length. Dkt. No. 3. Again, Plaintiff was advised that failure to file an amended pleading which complies with the February 14 Order might lead to a recommendation of dismissal for failure to prosecute or to obey an order of the Court.

Plaintiff acknowledged receipt of the orders on March 19, 2024 and April 9, 2024. Dkt. Nos. 7, 8. It has been over three months, and Plaintiff has not paid the filing fee or furnished a properly certified *in forma pauperis* data sheet or inmate account summary sheet as ordered by the Court. Nor has Plaintiff filed an amended pleading which complies with the February 14 Order.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff's failure to pay the initial partial filing fee or show good cause for the failure to do so and/or failure to amend are not actions which threaten the judicial process, rendering dismissal with prejudice unwarranted. *See McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). The conditions complained of appear to be on-going, giving Plaintiff ample time in which to re-file his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice. It is accordingly

**RECOMMENDED** that the above-styled civil action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in

the manner provided by law.

## Objections

Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 22nd day of July, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE